Plaintiffs claim was set for hearing before Deputy Commissioner Phillip A. Holmes on 15 November 1999. Plaintiff and her counsel failed to appear at the hearing, and defendants moved for a dismissal of plaintiffs claim without prejudice. On 22 November 1999, Deputy Commissioner Holmes dismissed plaintiffs claim but did not specify whether it was with or without prejudice. On 24 January 2000, plaintiff filed a new Form 33 Request for Hearing. Defendants filed a Motion to Strike plaintiffs request for hearing on grounds that plaintiffs claim had been dismissed with prejudice. By Order of the Executive Secretary dated 27 March 2000, defendants motion was allowed.
***********
 ORDER
Rule 802 of the Workers Compensation Rules permits the Industrial Commission to subject the violator of the Workers Compensation Rules to any of the sanctions outlined in Rule 37 of the North Carolina Rules of Civil Procedure. The undersigned note that an order dismissing a claim pursuant to N.C. Gen. Stat. 1A-1 Rule 37(b)(2)(C) "must specifically enumerate which of the Rules have been violated and what actions constitute the violations. Matthewsv. Charlotte-Mecklenburg Hosp. Auth., 132 N.C. App. 11, 16,510 S.E.2d 388 (1999). As Deputy Commissioner Holmes made no findings of a rules violation and the Industrial Commission rules in existence at the time did not address when a case may be dismissed with prejudice and because there is no statutory authorization for the dismissal of plaintiffs case, the dismissal was inappropriate.Id.
Further, the Full Commission recognizes that the Workers Compensation Act is to be construed liberally and benefits are not to be denied on technical, narrow or strict interpretations of its provisions. See Harrell v. Harriet Henderson Yarns,314 N.C. 566, 336 S.E.2d 47 (1985). Sanctions which are directed to the cases outcome, such as dismissals, are reviewed for abuse of discretion and must be evaluated in light of the policy to encourage trial on the merits. Lincoln v. Grinstead,94 N.C. App. 122, 379 S.E.2d 672 (1989). In determining whether dismissal constitutes an abuse of discretion, the exclusivity of plaintiffs remedy must be recognized and the appropriateness of other sanctions must be considered. Matthews v. Charlotte-MecklenburgHosp. Auth., 132 N.C. App. 11, 510 S.E.2d 388 (1999). In this case, the dismissal of plaintiffs claim terminated plaintiffs exclusive remedy when other lesser sanctions were appropriate and available.
For these reasons, the Full Commission hereby VACATES the 22 November 1999 Order of Deputy Commissioner Holmes dismissing plaintiffs claim, and likewise VACATES the 27 March 2000 Order of the Executive Secretary allowing defendants Motion to Strike. This case is hereby REMANDED to be reset on the calendar for a hearing before a Deputy Commissioner.
This the ___ day of July, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER