I dissent. The majority by their Opinion and Award have permitted this self-insured employer and its servicing agent to ignore an earlier Opinion and Award of the Full Commission, have permitted the defendants to cease payment of disability payments without a prior order of the Industrial Commission, have required this injured worker to travel six hours per trip from Hendersonville to Charlotte to see defendants chosen physicians when medical treatment could have been provided much closer to where the injured worker lives, have refused the injured workers reasonable request to treat with a physician closer to her home, have refused to sanction the defendants for their failure to provide medical attention ordered pursuant to N.C. Gen. Stat. 97-25, have penalized this injured worker because she rightfully insisted on travel expenses for her round trip from Hendersonville to Charlotte and back, and to add insult to injury have ordered the injured worker to cooperate with defendants so-called medical and vocational treatment although the same were transparently set up by the defendants so they could wrongfully get out of their obligation to abide by the Full Commissions prior Opinion and Award in this matter. I direct attention to the Plaintiffs Counsels able brief in this matter which lays it all out much better than I.
The Workers Compensation Act in North Carolina is an embodiment of the General Assemblys intent to "compel industry to take care of its own wreckage. Hyler v. G.T.E. Products Co., 333 N.C. 258 at 268,426 S.E.2d 698, 704 (1993). "The Workers Compensation Act is to be construed liberally, and benefits are not to be denied upon technical, narrow or strict interpretation of its provisions. Matthews v.Charlotte-Mecklenburg Hospital, 132 N.C. App. 11, 21, 510 S.E.2d 388, 395, dis. rev, den. 350 N.C. 834, ___ S.E.2d ___ (1999); Dayal v.Provident Life, 71 N.C. App. 131, 132, 321 S.E.2d 452, 453 (1984).
This 7th day of December 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER