***********
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding good grounds to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence vacates the Opinion and Award of the Deputy Commissioner and enters the following Order.
 ***********
Based upon the evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On the date of the hearing before Deputy Commissioner Pfeiffer, plaintiff was 63 years old and residing in Chadbourn. Plaintiff worked for defendant-employer for almost 12 years prior to the date of her alleged injury by accident.
2. Plaintiff contends she suffered a compensable injury by accident in the course of her employment with defendant-employer on 3 September 1996 when she picked up an assembled piece of furniture weighing approximately 45-50 pounds and twisted her back, sustaining injuries to her left hip, left leg, and lower left side of her back. Plaintiff's claim was not accepted as compensable by defendants.
3. By letter dated 17 July 1997, Attorney Elva Perez Trevino notified defendants that she had been hired to represent plaintiff in her workers' compensation claim.
4. On or about 26 September 1997, plaintiff filed a Form 33 to request a hearing in the matter. On 24 October 1997, plaintiff filed a Form 18 with the Commission. Defendants hired counsel who filed a Form 33R, and the case was ordered into mediation.
5. On 19 December 1997, Deputy Commissioner/Mediation Coordinator John C. Schafer appointed a mediator in the case and ordered that mediation be completed by 31 March 1998. However, by Order dated 7 April 1998, Mediation Coordinator Schafer excused the case from mediation on the grounds that mediation was not "prudent in this matter."
6. This case was thereupon set for hearing before Deputy Commissioner Morgan S. Chapman with the hearing scheduled for 23 June 1998 in Whiteville. By letter dated 12 June 1998, counsel for defendants wrote plaintiff's counsel indicating that he had not heard from her regarding the pretrial agreement, and therefore she should make changes and additions on the proposed pretrial agreement that he was forwarding to her.
7. When the case came on for hearing before Deputy Commissioner Chapman, no pretrial agreement had been filed. By Order filed 1 July 1998, Deputy Commissioner Chapman removed the case from the hearing docket on the grounds that a pretrial agreement had not yet been finalized and because the case had not yet been mediated. The removal order specifically removed the case from the hearing docket, treated the request for hearing as if it were withdrawn and included language that stated that the case should not be reinstated on the hearing docket until a signed pretrial agreement had been submitted by plaintiff and referred the case to mediation. Deputy Commissioner Chapman did not specifically retain control over the case upon completion of mediation. The case was simply coded 140, meaning removal. Thereafter, an order allowing the parties through 30 October 1998 to mediate the case was filed by Mediation Coordinator Schafer.
8. At least one mediated settlement conference was scheduled that did not take place due to an illness suffered by the appointed mediator. A mediated settlement conference which occurred on 6 April 1999, ended in an impasse. Following usual Industrial Commission procedure, the case should have thereafter automatically returned to "ready for hearing" status, where it would have been eligible to be placed back on the hearing docket before any deputy commissioner. The case was not reset for hearing on a hearing calendar. Therefore, plaintiff would not have been placed on notice that the pretrial agreement was due within a specific period of time or which deputy commissioner would be hearing the case after mediation was completed. Plaintiff did not file a new Form 33 request for hearing.
9. On 12 April 1999, defendants filed a motion with the Commission requesting an Order for Production of plaintiff's Social Security Administration records. On 19 August 1999, Executive Secretary Tracey H. Weaver issued an Order requiring plaintiff to comply with defendants' request within 30 days. On 23 August 1999, plaintiff forwarded a letter to defendants and to the Commission identifying the counsel representing her before the Social Security Administration, and recommending that plaintiff's counsel be contacted directly in regards to obtaining her Social Security records. Plaintiff also forwarded a letter to her counsel in the Social Security case requesting that he provide a complete copy of her Social Security claim file to defendants.
10. On 6 June 2000, defendants filed a Motion to Dismiss plaintiff's claim with prejudice on the grounds that plaintiff had not taken affirmative action in the case for over a year, and that it had been almost two years since the date the claim was originally docketed for hearing by Deputy Commissioner Chapman and as yet no pretrial agreement had been drafted by plaintiff. Further, defendants asserted that it was plaintiff's conduct in her failure to draft a pretrial agreement as ordered that necessitated the removal of the case from the hearing docket. The Industrial Commission file does not contain a response by plaintiff to defendants' motion; however, the Full Commission notes that plaintiff had taken affirmative action in her case as late as 23 August 1999 in her response and efforts to comply with defendants' request for Social Security records.
11. Deputy Commissioner Chapman entered an Order dismissing plaintiff's claim with prejudice on 18 July 2000. The Order indicates that defendants' motion was made for "good cause" and "based upon reasonable grounds." No specific findings of fact were made by Deputy Commissioner Chapman in the Order.
12. Plaintiff did not appeal the Order dismissing her claim to the Full Commission, nor was a motion for reconsideration filed by plaintiff. There is no indication in the Industrial Commission file of the status of plaintiff's representation by Attorney Trevino during the period the motion for dismissal was pending or thereafter. The record does not contain a Notice of Withdrawal by Attorney Trevino as counsel of record, although it is clear that plaintiff subsequently retained another counsel.
13. On 2 February 2001, plaintiff's current counsel was retained and filed a notice of appearance with the Commission. On or about 28 February 2001, plaintiff filed a Form 33 Request for Hearing seeking to set aside Deputy Commissioner Chapman's Order dismissing her claim pursuant to N.C.R. Civ. Pro. 60(b). The case came on for hearing before Deputy Commissioner Pfeiffer on 22 August 2001, with the sole issue being whether an Order of a Deputy Commissioner dismissing a claim may be set aside by another Deputy Commissioner thereby allowing an evidentiary hearing on the substantive matters to be held. By Opinion and Award filed on 22 January 2002, Deputy Commissioner Pfeiffer refused to set aside Deputy Commissioner Chapman's dismissal of plaintiff's claim with prejudice.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. Workers' Compensation Rule 613(3) as it was in effect in 1998, stated that "[w]hen a plaintiff has not requested a hearing within a year of the filing of an Order of Removal . . . necessitated by plaintiff's conduct, and not pursued the claim, the opposing party, or the Industrial Commission upon its own motion, may move the Industrial Commission to dismiss with prejudice for failure to prosecute." In this case, plaintiff continued to pursue her claim in mediation after the 1 July 1998 Order of Removal, and under Industrial Commission procedure plaintiff was not required to request a hearing after mediation as the case should have automatically returned to the "ready for hearing" status, despite the Deputy Commissioner's treatment of plaintiff's request for hearing as withdrawn. Therefore, Rule 613 does not support the issuance of the Order of dismissal of plaintiff's claim.
2. N.C.R. Civ. Pro. 60(b) states in pertinent part, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect. . . ." The Rule also requires that "the motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken."
3. On 18 July 2000, Deputy Commissioner Chapman issued the Order dismissing plaintiff's claim based upon the mistaken belief that plaintiff had not taken affirmative action in her claim for more than 13 months prior to the date of the Order, when in fact plaintiff had continued to pursue her case well beyond the time contended in defendants' motion. Because the Order of dismissal was issued upon a mistake of fact, Rule 60(b) allows plaintiff up to a year after the entry of the Order in which to move for relief. In this case, plaintiff's Form 33 seeking to set aside the Order of dismissal was filed approximately seven months after the Order of dismissal was filed, and within four weeks of obtaining new counsel. Therefore, plaintiff's motion was timely filed under the Rules of Civil Procedure. Further, given the short period of time since plaintiff had acquired new counsel, the Full Commission finds plaintiff's failure to file the motion earlier to be excusable under the specific facts of this case.
4. Assuming that Deputy Commissioner Chapman had reasonable grounds upon which to base an Order dismissing plaintiff's claim, the Deputy Commissioner was required by the Act to do so pursuant to Rule 802 of the Workers' Compensation Rules. Rule 802 permits the Industrial Commission to subject the violator of the Workers' Compensation Rules to any of the sanctions outlined in Rule 37 of the North Carolina Rules of Civil Procedure. The Full Commission notes that an Order dismissing a claim pursuant to N.C. Gen. Stat. § 1A-1 Rule 37(b)(2)(C) "must specifically enumerate which of the Rules have been violated and what actions constitute the violations." Matthews v. Charlotte-Mecklenburg Hosp.Auth., 132 N.C. App. 11, 16, 510 S.E.2d 388 (1999). As Deputy Commissioner Chapman made no findings concerning plaintiff's violations of any rules, the Industrial Commission rules in existence at the time did not address when a case may be dismissed with prejudice, and because there is no alternative statutory authorization under the Workers' Compensation Act for the dismissal of plaintiff's case, the dismissal was inappropriate. Id.
5. Further, the Full Commission recognizes that the Workers' Compensation Act is to be construed liberally and benefits are not to be denied on technical, narrow or strict interpretations of its provisions.See Harrell v. Harriet Henderson Yarns, 314 N.C. 566, 336 S.E.2d 47
(1985). Sanctions which are directed to the case's outcome, such as dismissals, are reviewed for abuse of discretion and must be evaluated in light of the policy to encourage trial on the merits. Lincoln v.Grinstead, 94 N.C. App. 122, 379 S.E.2d 671 (1989). In determining whether dismissal constitutes an abuse of discretion, the exclusivity of plaintiff's remedy must be recognized and the appropriateness of other sanctions must be considered. Matthews v. Charlotte-Mecklenburg Hosp.Auth., 132 N.C. App. 11, 510 S.E.2d 388 (1999). In this case, the dismissal of plaintiff's claim terminated plaintiff's exclusive remedy when other lesser sanctions were appropriate and available and thus constitutes an abuse of discretion.
6. Lastly, the Full Commission recognizes that it is both the duty and the responsibility of the Full Commission to decide all matters in controversy between the parties. Tucker v. Workable Company,129 N.C. App. 695, 501 S.E.2d 360 (1998). The dismissal with prejudice of plaintiff's claim based upon an error in the processing of the claim within the Commission or a failure on the part of plaintiff's counsel does not serve to satisfy that duty and responsibility. Accordingly, the dismissal must be vacated and plaintiff's claim addressed on its merits.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission hereby enters the following:
 ORDER
1. The Full Commission hereby VACATES the 18 July 2000 Order of Deputy Commissioner Chapman dismissing plaintiff's claim, and likewise VACATES the 22 January 2002 Opinion and Award of Deputy Commissioner Pfeiffer affirming the Order of dismissal. This case is hereby REMANDED to be reset on the calendar for a hearing before a Deputy Commissioner.
2. No costs are assessed at this time.
This the ___ day of September, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN