It is well settled that the Workers' Compensation Act is to be construed liberally and in favor of the injured employee, and its benefits are not to be denied upon technical, narrow, or strict interpretation of its provisions. See Matthews v. Charlotte-MecklenburgHosp. Authority, 510 S.E.2d 388 (1999); Dayal v. Provident Life and Acc.Ins. Co., 321 S.E.2d 452 (1984); and Britt v. Colony Const. Co.,240 S.E.2d 479 (1978). In the present case, the majority has erred in failing to find plaintiff's account of his injury by accident while in the course and scope of his employment to be credible. Because there was no witness to the incident, the case boils down to plaintiff's word against the defendants'. In situations where there are no witnesses, greater weight must be afforded to plaintiff's testimony, thus, construing the Act in favor of plaintiff.
Plaintiff testified at hearing before the Deputy Commissioner that upon attempting to enter the Doolittle House (defendant-employer's job site), the door to the house would not open, likely because of a fallen board. Plaintiff had to use some force and eventually the door "popped open," causing plaintiff to tumble into the entry way. He attempted to regain his balance, but tripped on a nearby extension cord that was tangled on the floor. Plaintiff was unable to regain his balance and fell into an open stairwell that did not yet have handrails. He dropped one flight and landed on the middle landing, hitting the back of his head and shoulder area. Although this chain of events is indeed elaborate, there is no instance in the record in which plaintiff changed or varied his account of the accident. Moreover, the medical records and the notes taken by defendants when plaintiff reported the accident do not differ from plaintiff's testimony and, thus, corroborate plaintiff's account.
Defendants' contend, and the majority so found, that the physical findings plaintiff exhibited upon reporting to the emergency room within hours of the accident and during follow up with his internist, Dr. Barker, were not related to the fall at work. Dr. Barker attributed plaintiff's symptoms and complaints to the March 10, 2001, fall at work. However, the majority did not find Dr. Barker's opinion to be credible because it was based upon plaintiff's own version of the fall. As plaintiff's treating physician before and after the accident, Dr. Barker is in the best position to determine whether or not plaintiff's physical findings were causally related to the fall at work. The majority should have given greater weight to Dr. Barker's opinion.
Based upon plaintiff's corroborated testimony regarding his fall at work and the medical records that causally relate his injuries and pain to such incident, the majority has erred in denying plaintiff compensation. Defendants have presented insufficient evidence to contradict plaintiff's version of his injury by accident, and have failed to show that his resulting injuries are not causally related. Thus, the majority erred in failing to interpret the evidence of record in the light most favorable to plaintiff, as directed by the courts. For these reasons, I respectfully dissent.
This 16th day of February 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER