WILLIAM SYKES, Employee-Plaintiff v. MOSS TRUCKING COMPANY, INC., Employer, PROTECTIVE INSURANCE COMPANY, Carrier, Defendants

No. COA08-1039

(Filed 1 September 2009)

**1. Workers' Compensation— treatment—good faith effort**

The Industrial Commission erred in a workers' compensation case by concluding that plaintiff had made a good faith effort to comply with the treatment of his authorized physician and thus erred by concluding that defendants shall reinstate temporary total disability benefits and medical compensation benefits to plaintiff.

**2. Workers' Compensation— vocational rehabilitation services—justification for failure to cooperate**

The Industrial Commission erred in a workers' compensation case by concluding that defendants had sufficient opportunity to offer vocational rehabilitation services to plaintiff and that plaintiff's failure to cooperate with vocational rehabilitation services was justified. Defendants could not have offered vocational rehabilitation services to plaintiff since plaintiff was not under the care of an authorized physician and there was no authorized treating physician to oversee plaintiff's rehabilitation.

Appeal by defendants from opinion and award entered 22 May 2008 by the Industrial Commission. Heard in the Court of Appeals 11 February 2009.

*Teague, Campbell, Dennis & Gorham, LLP, by John A. Tomei, for defendants-appellants.*

*Plaintiff-appellee appears pro se.*

ELMORE, Judge.

Moss Trucking Company, Inc. (defendant Moss Trucking), and Protective Insurance Company (together, defendants) appeal from the 22 May 2008 opinion and award entered by the North Carolina Industrial Commission. The opinion by the majority of the Industrial Commission found in favor of William Sykes (plaintiff) and reinstated his temporary total disability benefits and medical compensation benefits. Defendants argue that the findings of fact made by the Industrial Commission majority are not supported by competent evidence, nor are its conclusions of law justified by its findings of fact. Defendants maintain that plaintiff is not in compliance with a previous order of the Industrial Commission, and, therefore, his benefits should remain suspended. We agree with defendants and reverse the 22 May 2008 opinion and award.

I

On 4 October 1990, plaintiff sustained an admittedly compensable injury to his lower back while working as a long haul truck driver for defendant Moss Trucking. The North Carolina Industrial Commission approved an Agreement for Compensation for Disability, and defendant Moss Trucking's insurance carrier, Protective Insurance Company, began paying temporary total disability compensation to plaintiff. Plaintiff received the payments from 6 November 1990 until 30 November 1998 at the rate of $399.00 per week. During this time, plaintiff sought treatment from a number of different doctors and specialists. Two of these doctors, Dr. George Charron and Dr. Alan Towne, provided differing recommendations about plaintiff's medical recovery and his ability to return to gainful employment. Dr. Charron, an orthopedic surgeon, believed that plaintiff had reached maximum medical improvement and could return to work. Dr. Towne, a neurologist, did not believe that plaintiff had reached maximum medical improvement and recommended further treatment. Because of the differing recommendations, on 24 February 1997, a full evidentiary hearing was held before Deputy Commissioner W. Bain Jones, Jr., and he entered his opinion and award on 15 July 1997. In his opinion and award, Deputy Commissioner Jones held that defendants were entitled to direct

plaintiff's medical treatment, the parties were to use good faith efforts in proceeding with the vocational rehabilitation and pre-scribed medical treatment, and defendants were not entitled to ter-minate or suspend benefits. One of the conclusions of law specifi-cally states that plaintiff must "use all good faith efforts to comply with the medical treatment provided by" Dr. Gilbert Snider, a physi-cian authorized by defendants.

In January 1998, Dr. Snider confirmed that he was plaintiff's treat-ing physician, but also noted that "plaintiff had repeatedly and in no uncertain terms expressed his dissatisfaction with Dr. Snider and his desire to have Dr. Snider removed as his treating physician." In the meantime, plaintiff had filed two additional motions to change his treating physician to Dr. Towne; these motions were denied by the Industrial Commission on 11 February 1998. Deputy Commissioner Jones entered an opinion and award on 11 February 1998 designating Dr. Robert Hansen[1] as plaintiff's new treating physician. The opinion also stated that plaintiff's failure to comply with Dr. Hansen's treat-ment would result in termination of compensation. Between March 1998 and November 1998, plaintiff saw Dr. Hansen several times and underwent a series of tests at Dr. Hansen's recommendation. In April 1999, Dr. Hansen opined that plaintiff had reached maximum medical improvement, that plaintiff's pain could be managed with medication, and that plaintiff could be retrained to do sedentary work. Plaintiff expressed dissatisfaction with Dr. Hansen's treatment and refused further treatment or evaluation.

The matter was reviewed again by the Industrial Commission, and the Full Commission entered an opinion and award on 1 October 1999. The Industrial Commission unanimously suspended plaintiff's compensation benefits upon finding that, as of 30 November 1998, plaintiff had admittedly and unjustifiably refused to comply with the treatment instructions of Dr. Hansen, and plaintiff had admittedly and unjustifiably refused to comply with the vocational rehabilitation pro-grams offered by defendants—specifically, that plaintiff had "failed to use good faith efforts to comply with the treatment instructions of Dr. Hansen[.]" Plaintiff appealed to this Court, which unanimously affirmed the Industrial Commission's decision in its decision of 20 February 2001.

---

1. We note that Dr. Hansen's name is spelled as both "Hanson" and "Hansen" in various opinions by the Industrial Commission throughout the course of this litigation, but as the most recent opinion—that being appealed here—along with both parties' briefs to this Court spell it "Hansen," we use that spelling herein.

SYKES v. MOSS TRUCKING CO., INC.

[199 N.C. App. 540 (2009)]

Following a gap in treatment of approximately six years, plaintiff returned to Dr. Hansen on 14 February 2005. During this visit, plaintiff represented to Dr. Hansen that he was getting treatment from Dr. Towne and two other doctors at the Medical College of Virginia, and that he wished to continue treatment from those doctors. Not knowing the details of the litigation on this matter, Dr. Hansen acquiesced to plaintiff's request. Dr. Hansen later testified that his "referral" to plaintiff's existing physicians was made at plaintiff's request after he expressed a strong preference to continue treatment with those physicians. On 14 February 2005, Dr. Hansen did not render any medical treatment to plaintiff and no follow-up appointments were made.

On 14 June 2005, the case was returned to Deputy Commissioner Philip A. Baddour, III, "for the taking of additional evidence and further hearing regarding the issue of plaintiff's compliance with medical treatment as it relates to the possible reinstatement of plaintiff's benefits." In the opinion and award entered 31 December 2006, Deputy Commissioner Baddour found plaintiff to be in compliance with the medical treatment requirements that were established by the 1 October 1999 opinion and award of the Industrial Commission based on Dr. Hansen's "referral" of plaintiff to Drs. Towne, Hyman, and Bullock. Defendants appealed to the Full Commission, arguing that, since plaintiff had not complied with the medical treatment ordered, they were unwilling to offer vocational rehabilitation services to plaintiff and that his benefits should remain suspended. On 22 May 2008, the majority opinion and award of the Full Commission affirmed Deputy Commissioner Baddour's finding that plaintiff was now in compliance with the treatment of Dr. Hansen. The majority concluded that "[p]laintiff cannot further comply with the 1 October 1999 order of the Full Commission ordering him to cooperate with vocational rehabilitation until Defendants offer it" and "[a]ny failure of Plaintiff to cooperate with the vocational rehabilitation services under the circumstances is justified." Defendants were ordered to reinstate temporary total disability benefits and medical compensation to plaintiff as of 31 December 2006. Commissioner Diane Sellers dissented from the opinion and award, stating that plaintiff did not substantially comply with the 1 October 1999 order, and that plaintiff had not provided a justifiable reason for his continued non-compliance with the order. Defendants now appeal to this Court.

II

**[1]** Defendants first argue that the Industrial Commission majority opinion and award erred in concluding that plaintiff had made a good faith effort to comply with the treatment of Dr. Hansen as required by the 1 October 1999 order. Specifically, defendants contend that, due to its erroneous findings and conclusions in the 22 May 2008 opinion and award, the Industrial Commission incorrectly awarded additional workers' compensation benefits to plaintiff on and after 31 December 2006. We agree.

When an appellate court reviews an award entered by the Industrial Commission, the review "is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005) (citations omitted). In reviewing the Industrial Commission's award, "appellate courts may set aside a finding of fact only if it lacks evidentiary support." *Holley v. Acts, Inc.*, 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003). Furthermore, the Industrial Commission's "conclusions of law are fully reviewable" by the appellate courts. *Saunders v. Edenton Ob/Gyn Ctr.*, 352 N.C. 136, 140, 530 S.E.2d 62, 65 (2000).

The purpose of section 97-25 of the Workers' Compensation Act is "to authorize the Commission to direct the course of treatment and penalize non-compliance by suspending compensation." *Matthews v. Charlotte-Mecklenburg Hosp. Auth.*, 132 N.C. App. 11, 18, 510 S.E.2d 388, 394 (1999); *see also* N.C. Gen Stat. § 97-25 (2007) ("In case of a controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital, or other treatment, the Industrial Commission may order such further treatments as may in the discretion of the Commission be necessary.").

> The refusal of the employee to accept any medical, hospital, surgical or other treatment or rehabilitative procedure when ordered by the Industrial Commission shall bar said employee from further compensation until such refusal ceases, and no compensation shall at any time be paid for the period of suspension unless in the opinion of the Industrial Commission the circumstances justified the refusal, in which case, the Industrial Commission may order a change in the medical or hospital service.

N.C. Gen Stat. § 97-25 (2007). This Court has held that suspension of compensation benefits is permitted under section 97-25 upon the

"'refusal of the employee to accept any medical, hospital, surgical or other treatment or rehabilitative procedure.' " *Scurlock v. Durham County Gen. Hosp.*, 136 N.C. App. 144, 148, 523 S.E.2d 439, 441 (1999) (quoting N.C. Gen. Stat. § 97-25) (remanding case to Industrial Commission to determine whether the plaintiff was willing to cooperate with the defendant's offers of medical treatment and rehabilitative services with her authorized physician). Non-compliance with an order directing medical treatment by a designated physician is proper grounds to suspend compensation. *Matthews*, 132 N.C. App. at 19, 510 S.E.2d at 394 (finding non-compliance where the plaintiff maintained that she attended one appointment with the designated doctor, but there was no support for this appointment in the record). If there is evidence in the record that supports a finding of plaintiff's refusal to accept medical treatment or rehabilitative services after being ordered by the Industrial Commission to do so, then the Industrial Commission is justified in suspending the benefits while plaintiff remains in non-compliance. *Swain v. C & N Evans Trucking Co.*, 126 N.C. App. 332, 337, 484 S.E.2d 845, 849 (1997) (finding non-compliance where plaintiff "quit rehabilitation . . . after only two or three sessions and was unwilling to pursue further treatment").

This Court does not agree with plaintiff's claim that his 14 February 2005 appointment constituted compliance with the Industrial Commission's order. It is clear from the record that plaintiff's purpose in this appointment was not to resume treatment with Dr. Hansen; rather, his purpose was to obtain a referral to the physicians of his choice, none of whom was authorized to treat him by the Industrial Commission. The record reflects the following: Dr. Hansen later testified that his "referral" to Drs. Towne, Hyman, and Bullock was made at plaintiff's request. At this visit, plaintiff represented to Dr. Hansen that the only reason for his visit was to obtain a referral that would allow a reinstatement of the terminated benefits. Dr. Hansen also testified that he was willing to continue treating plaintiff and that plaintiff would be welcomed back as a patient. However, based on plaintiff's preference to continue treatment with his existing doctors, Dr. Hansen acquiesced to plaintiff's request. Dr. Hansen did not examine plaintiff or prescribe any medications, and plaintiff did not schedule any follow-up appointments.

In essence, plaintiff did not return to Dr. Hansen to re-establish a treatment relationship; his return visit was simply a way to circumvent the Industrial Commission's previous order. We do not regard plaintiff's effort in seeking this referral to be "a good faith effort to

SYKES v. MOSS TRUCKING CO., INC.

[199 N.C. App. 540 (2009)]

comply" with the previous order. Thus, as properly found by Commissioner Sellers in her dissent, plaintiff's behavior did not constitute substantial compliance with the Industrial Commission's opinion and award of 1 October 1999.

Furthermore, while we note that, where a plaintiff willfully refuses medical treatment, the benefits may not be suspended if " 'the circumstances justif[y] the refusal[,]' " *Johnson v. Jones Group, Inc.*, 123 N.C. App. 219, 226, 472 S.E.2d 587, 591 (1996) (quoting N.C. Gen. Stat. § 97-25), plaintiff did not provide any reason, to say nothing of a justifiable one, for his continued non-compliance with the order. Commissioner Sellers noted in her dissent that plaintiff has a long history of refusing to comply with the Industrial Commission's orders and had made repeated attempts to circumvent the same.[2]

We hold that the Industrial Commission erred in finding that, as of 14 February 2005, plaintiff is in compliance with the treatment recommendations of Dr. Hansen. In its 1 October 1999 order, the Industrial Commission suspended plaintiff's benefits until such time as he complied with vocational rehabilitation and the medical treatment of Dr. Hansen. We do not find in the record competent evidence that plaintiff is now in compliance with the 1 October 1999 order via treatment by Dr. Hansen. As such, the majority Industrial Commission opinion erred in concluding that plaintiff had made a good faith effort to comply with the portion of the order requiring him to comply with Dr. Hansen's treatment, because no competent evidence supports a conclusion that plaintiff resumed treatment with Dr. Hansen.

Upon fully reviewing the Industrial Commission's conclusions of law, we find that its conclusions are not justified by its erroneous finding that plaintiff made good faith efforts to comply with Dr. Hansen's medical treatments. Therefore, we find that the Industrial Commission incorrectly concluded that defendants shall reinstate temporary total disability benefits and medical compensation benefits to plaintiff as of 31 December 2006. *See Matthews*, 132 N.C. App. at 19, 510 S.E.2d at 394 (holding that, "[b]ecause there is no competent evidence indicating that [plaintiff] was treated by her designated physician, the Commission could not conclude that [plaintiff] rein-

---

2. Despite being ordered repeatedly to comply with the medical treatment recommendations of Dr. Hansen, plaintiff continued attempting to circumvent the orders by filing further Requests for Hearings in 2001 and 2004. Both these requests resulted in plaintiff being sanctioned by the Industrial Commission. We note that, to date, plaintiff has not paid fines arising out of these sanctions.

SYKES v. MOSS TRUCKING CO., INC.

[199 N.C. App. 540 (2009)]

stated her right to compensation by compliance with the order direct-
ing treatment"); *Sanhueza v. Liberty Steel Erectors*, 122 N.C. App.
603, 608, 471 S.E.2d 92, 95 (1996).

## III

**[2]** Defendant next argues that the Industrial Commission erred in
concluding that defendants had sufficient opportunity to offer voca-
tional rehabilitation services to plaintiff and that plaintiff's failure to
cooperate with vocational rehabilitation services was justified.
Specifically, defendant assigns error to the following finding of fact
made by the Industrial Commission:

> 24. Until Defendants offer vocational rehabilitation services to
> Plaintiff, he cannot demonstrate his willingness to cooperate.
> Defendants have had sufficient opportunity to offer vocational
> rehabilitation services to Plaintiff since he returned to Dr. Hansen
> on 14 February 2005, and at least after the opinion and award of
> Deputy Commissioner Baddour filed 31 December 2006.

Defendant also assigns error to the following conclusion of law
entered by the Industrial Commission:

> 3. Although the Full Commission's 7 April 2005 Order remanding
> this case to the Deputy Commissioner section for hearing only
> dealt with the "issue of [P]laintiff's compliance with medical
> treatment as it relates to the possible reinstatement of [P]lain-
> tiff's benefits," Defendants have admitted through counsel that
> they have not and are unwilling to offer vocational rehabilitation
> services to Plaintiff because they contend he is not in compliance
> with the medical treatment ordered in the 1 October 1999 opinion
> and award. Defendants have had a Deputy Commissioner opinion
> since 31 December 2006 ruling that Plaintiff has complied with
> the medical treatment ordered. Plaintiff cannot further comply
> with the 1 October 1999 order of the Full Commission ordering
> him to cooperate with vocational rehabilitation until Defendants
> offer it. Any failure of Plaintiff to cooperate with vocational reha-
> bilitation services under the circumstances is justified. N.C. Gen.
> Stat. § 97-25.

(Alterations in original.)

According to the 1 October 1999 order, defendants' vocational
rehabilitation efforts to allow plaintiff to return to the work force

should be made under the supervision of plaintiff's authorized treating physician. *See* N.C. Gen. Stat. § 97-25.5 (2007) ("The Commission may adopt utilization rules and guidelines, consistent with this Article, for vocational rehabilitation services and other types of rehabilitation services."). However, plaintiff refuses to seek treatment from Dr. Hansen, the physician who has been authorized by the Industrial Commission to provide treatment to plaintiff. On the contrary, plaintiff has been ignoring orders of the Industrial Commission and seeking medical treatment from unauthorized physicians since 1999. Furthermore, there is no evidence in the record that defendants' counsel made any admissions before the Industrial Commission with regard to vocational rehabilitation services that may or may not have been offered to plaintiff. Since plaintiff was not under the care of an authorized physician and there was no authorized treating physician to oversee plaintiff's vocational rehabilitation, defendants could not have offered vocational rehabilitation services to plaintiff. The Industrial Commission erroneously concluded that plaintiff's failure to cooperate with vocational rehabilitation was justified.

IV

Plaintiff is not in compliance with the 1 October 1999 order of the Industrial Commission ordering him to comply with the medical treatment of Dr. Hansen. We therefore reverse the 22 May 2008 opinion and award of the Industrial Commission and hold that the suspension of plaintiff's workers' compensation benefits should continue. We also hold that, given plaintiff's non-compliance with the medical treatment ordered by the Commission, his failure to cooperate with vocational rehabilitation is not justified.

Reversed.

Judges CALABRIA and STROUD concur.