IN THE MATTER OF THE WILL OF JAMES B. WADSWORTH, SR.,
CAVEAT

No. 766SC287

(Filed 1 September 1976)

1. Wills § 22— mental capacity before and after execution of will — opinion testimony

Witnesses in a caveat proceeding were properly permitted to give their opinions regarding the mental condition of testator when they

observed him within a reasonable time before and after the execution of his purported will.

2. **Evidence § 11; Wills § 22— dead man's statute — interested witness — statement by decedent**

In a caveat proceeding in which the issues being tried were undue influence and mental capacity, the trial court properly instructed the jury to disregard testimony by a beneficiary under the purported will that "He [testator] said it [the will] was just what he wanted," since the witness was interested within the meaning of G.S. 8-51 and the statement was not given as a basis for the witness's opinion on mental capacity but was only directed toward proving facts essential to propounder's case.

3. **Trial § 35— failure to define "greater weight of evidence"**

Where the court correctly placed the burden of proof and stated the proper degree of proof, the court was not required to define the term "greater weight of the evidence" in the absence of a special request.

APPEAL by propounder from *Cowper, Judge.* Judgment entered 21 November 1975 in Superior Court, BERTIE County. Heard in the Court of Appeals 25 August 1976.

The jury found that, at the time of the execution of the paper writing purporting to be the last will and testament of James B. Wadsworth, Sr., the testator lacked sufficient mental capacity to execute a will. The will was purportedly executed on 14 May 1974. Testator died on 9 November 1974.

Caveators offered evidence tending to show the following: Testator was about 82 years old when he died. He had suffered a series of strokes over a five-year period before his death. For several months immediately preceding his death testator did not have the mental capacity to know the nature and extent of the property he owned. Testator did not know the natural objects of his bounty or understand the consequences of the disposition of his property by will.

The propounder offered evidence tending to show that testator had sufficient mental capacity to know the nature and extent of his property, the natural objects of his bounty and the legal consequences of his will.

*Pritchett, Cooke & Burch, by W. W. Pritchett, Jr., for propounder appellant.*

*Howard P. Satisky, for caveator appellee.*

VAUGHN, Judge.

[1]  Propounder's first assignment of error is that "Propounder excepts to the questions asked the Caveator's witnesses because the questions were not limited to the testator's mental condition at the approximate time he executed his will."

On the issue of testamentary capacity, it is proper to show the mental condition of the maker at a reasonable time before and after the execution of the purported will. *In Re Will of McDowell*, 230 N.C. 259, 52 S.E. 2d 807. Witnesses observed testator within a reasonable time before and after the execution of the will. For the most part they did not attempt to give an opinion of his condition on the date of the execution of the will. It was perfectly proper for them to give their opinion as of the time they observed the deceased. Indeed, testimony of one who does not qualify as an expert should be limited to the witness's opinion of the testator's condition as of the time the witness had the opportunity to observe the testator. *In Re Will of Rose*, 28 N.C. App. 38, 220 S.E. 2d 425. It is then for the jury to determine whether that evidence supports the inference that the testator was incompetent at the time of the purported execution of the will. We have considered all of defendant's exceptions brought forward under the first and fifth assignments of error and find no prejudicial error. Under the charge of the court, the jury could only have understood that they must make their determination of mental capacity as of the time of the purported execution of the will and not as of some other time. When the witnesses gave their opinion on the testator's mental capacity in 1974, the jury could have only understood that they meant during the times they observed testator in 1974.

[2]  Propounder's second assignment of error arises out of the following: One of the beneficiaries under the will was testifying on direct examination. The witness blurted out, "He [testator] said it [the will] was just what he wanted." The statement was not in response to any question put to her. The judge instructed the jury not to consider the statement and propounder takes exceptions to the ruling. The trial judge was correct. The issues being tried were undue influence and mental capacity. The witness was interested within the meaning of G.S. 8-51. The statement was not given as a basis for the witness's opinion on mental capacity. It was only directed toward

---

In re Will of Wadsworth

---

proving facts essential to propounder's case. It was properly excluded. *Whitley v. Redden*, 276 N.C. 263, 171 S.E. 2d 894.

**[3]** Propounder excepts to the failure of the court "to define for the jury the term 'greater weight of the evidence.' " The instruction was not properly requested at trial. Where, as here, the court correctly places the burden of proof and states the proper degree of weight, the court is not required to define the term "greater weigh of the evidence" in the absence of a special request. *Hardee v. York*, 262 N.C. 237, 136 S.E. 2d 582.

Finally, propounder contends the court should have allowed his motion to set the verdict .side as being contrary to the greater weight of the evidence. The motion was addressed to the sound discretion of the trial judge on his ruling and will not be disturbed in the absence of a manifest abuse of discretion. No abuse of discretion has been shown.

We have carefully considered all of the exceptions brought forward on appeal. We conclude that the trial was free from error so prejudicial as to have influenced the verdict of the jury.

No error.

Judges MORRIS and CLARK concur.