CHARLES R. ADAMS, Employee, Plaintiff-Appellee v. KELLY SPRINGFIELD TIRE
    COMPANY, Employer; TRAVELERS INSURANCE COMPANY, Carrier,
    Defendants-Appellants

No. COA95-844

(Filed 3 September 1996)

### 1. Workers' Compensation § 452 (NCI4th)— review of Commission award—standard of proof

Defendants failed to state a legal basis upon which the Court of Appeals could properly review the Industrial Commission's findings where they confused the civil standard of proof, "by the greater weight of the evidence," with the standard applied to review of opinions arising from the Commission, "by any competent evidence."

**Am Jur 2d, Appellate Review § 670.**

### 2. Workers' Compensation § 252 (NCI4th)— inability to earn same wages—sufficiency of evidence—award of temporary total disability proper

Plaintiff presented plenary competent evidence proving his inability to earn the same wages he earned prior to his injury, and such evidence was sufficient to support the Commission's award of temporary total disability compensation, where the evidence was to the effect that, although plaintiff was capable of some work, most employment would be futile due to plaintiff's pre-existing conditions, including his lack of education, manic depressive disorder, limitation on lifting due to his back, and lack of rehabilitative success.

**Am Jur 2d, Workers' Compensation §§ 380-382.**

**Pleading aggravation of pre-existing conditions. 32 ALR2d 1447.**

Appeal by defendants from opinion and award entered by the North Carolina Industrial Commission on 7 June 1995. Heard in the Court of Appeals 27 March 1996.

*Cranfill, Sumner & Hartzog, L.L.P., by Samuel H. Poole, Jr., and Nicholas P. Valaoras, for defendant appellants.*

*Douglas E. Canders for plaintiff appellee.*

ADAMS v. KELLY SPRINGFIELD TIRE CO.

[123 N.C. App. 681 (1996)]

SMITH, Judge.

**[1]** This appeal is flawed by numerous and substantial errors of appellate procedure. Our Rules of Appellate Procedure are mandatory and subject an appeal to dismissal. N.C.R. App. P. 10 (1996); *Marsico v. Adams*, 47 N.C. App. 196, 197, 266 S.E.2d 696, 697-98 (1980). Defendants have brought forward eleven assignments of error (AOE), none of which state the page of the record where the alleged error occurred. An assignment of error must "direct[] the attention of the appellate court to the particular error about which the question is made, *with clear and specific record or transcript references.*" N.C.R. App. P. 10(c)(1) (emphasis added).

Defendants' brief fares no better. Following defendants' argument (question) headings, assignments of error appear without any reference whatsoever to the record or transcript. Assignments of error must be "identified by their numbers and by the pages at which they appear in the printed record on appeal." N.C.R. App. P. 28(b)(5). Despite these errors we do not elect to dismiss. *See Symons Corp. v. Insurance Co. of North America*, 94 N.C. App. 541, 543, 380 S.E.2d 550, 551-52 (1989).

We are asked to review this appeal from the opinion and award of the Full Commission (Commission) based on defendants' ten assignments of error (AOE's 1-10), which address Findings of Fact Nos. 5, 6, 9, 10, 11, 12, 13, 14, 15, 16. All ten of these findings of fact are error, defendant contends, because they are "contrary to the *greater weight* of competent evidence in the record." (Emphasis added.) This is not the standard of review we apply to opinions and awards rendered by the Industrial Commission. This Court's review is limited to a consideration of whether there was *any competent evidence* to support the Commission's findings of fact and whether these findings of fact support the Commission's conclusions of law. *McLean v. Roadway Express*, 307 N.C. 99, 102, 296 S.E.2d 456, 458 (1982).

Defendants have apparently confused the civil standard of proof, sometimes referred to as "by the greater weight of the evidence," with the standard applied to review of opinions arising from the Commission. *See, e.g., In re Wadsworth*, 30 N.C. App. 593, 596, 227 S.E.2d 632, 633, *disc. review denied*, 291 N.C. 175, 229 S.E.2d 692 (1976). The "any competent evidence standard" is a longstanding rule, which provides that findings of fact made by the Commission are conclusive on appeal if supported by *any* competent evidence. *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E.2d 101, 104

ADAMS v. KELLY SPRINGFIELD TIRE CO.

[123 N.C. App. 681 (1996)]

(1981). This is so even if there is evidence which would support a finding to the contrary. *Id.* Hence, on appeal, this Court is limited to two inquiries: (1) whether any competent evidence exists before the Commission to support its findings of fact; and (2) whether the findings of fact of the Commission justify its legal conclusions and decision. *Id.*

Defendants have thus failed to state a legal basis upon which this Court can properly review the Full Commission's findings of fact, or the evidentiary basis thereof. Furthermore, defendants' characterization of the Full Commission's findings of fact, as being "contrary to the greater weight of the evidence," does not comport with our Supreme Court's mandate that the Industrial Commission and the courts are to construe the Workers' Compensation Act liberally in favor of the injured worker. *Cates v. Hunt Construction Co.*, 267 N.C. 560, 563, 148 S.E.2d 604, 607 (1966). Applying the "greater weight standard" instead of the "any competent evidence standard" would not favor the worker and would be in discord with settled law regarding the proper standard of review. Thus, all of defendants' assignments of error relating to the Commission's findings of fact are deemed abandoned. *Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 11 (1994).

The remaining assignment of error, No. 11, reads as follows: "The Full Commission's finding that defendants shall pay plaintiff temporary total disability compensation commencing on December 4, 1992, and continuing until plaintiff returns to work or until further orders of the Industrial Commission and Item Number 1 of the Award. Conclusion of Law Number 1 of the Opinion and Award for the Full Commission. Record pp.[we note the page number(s) are missing.]" It seems apparent, though, that defendants intended for AOE No. 11 to address an error of law by the Commission.

Standing alone, as AOE No. 11 must, it is manifest that this assignment is also fatally flawed. An assignment of error must independently "state plainly and concisely and without argumentation the basis upon which error is assigned." *Kimmel v. Brett*, 92 N.C. App. 331, 334, 374 S.E.2d 435, 436 (1988); N.C.R. App. P. 10(c). Examples of the proper way to state assignments of error in the record on appeal can be found in Appendix C, Table 4, of our appellate rules. Not only does AOE No. 11 purport to address a "finding" of the Full Commission, it does not in and of itself point out the legal error it purports (we think) to address.

We assume, for the sake of this discussion, that defendants' preamble to its listed AOE's was meant to give substance to AOE No. 11. That preamble states: "Defendants-Appellants assign the following as error and contrary to the greater weight of competent evidence in the record." As previously addressed in this opinion, we do not recognize such a standard of review from the Industrial Commission. Thus, ascribing this standard to a conclusion of law made by the Full Commission is not "a sufficient basis upon which to assign error." *Kimmel*, 92 N.C. App. at 334, 374 S.E.2d at 437. This assignment is therefore overruled.

[2] Notwithstanding the stark errors committed by defendant in presenting this appeal, we exercise our discretion, pursuant to N.C.R. App. P. 2, to suspend the rules and decide this case on the merits. Defendants argue in their brief that "[p]laintiff has failed to prove he was disabled after December 4, 1992 within the meaning of the North Carolina Workers' Compensation Act and most recent interpretative case law." We disagree.

Both parties cite *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993), as setting forth a methodology by which a worker may prove that he is disabled within the meaning of our Workers' Compensation Act (Act). *But see Moore v. Davis Auto Service*, 118 N.C. App. 624, 627, 456 S.E.2d 847, 850 (1995) (discussing presumptions of disability). We note that *Russell* provides for at least four separate and independent ways by which an employee may demonstrate that he is disabled. *Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457. Disability is defined by the Act as "the impairment of the injured employee's earning capacity [as a result of a workplace injury] rather than physical disablement." *Id.*; *see* N.C. Gen. Stat. § 97-2(9) (1991).

We have reviewed the record in light of *Russell*, and conclude that plaintiff presented plenary competent evidence proving his inability to earn the same wages he earned prior to his injury. Competent evidence was presented to the effect that, although plaintiff is capable of some work, most employment would be futile due to plaintiff's pre-existing conditions, *i.e.*, his lack of education, manic depressive disorder, limitations on lifting due to his back and lack of rehabilitative success. The evidence pertinent to these factors was duly noted and accounted for in the Full Commission's findings of fact. The Full Commission's findings of fact were based on competent evidence, and the conclusions of law derived therefrom

were correct. Thus, the instant opinion and award of the Full Commission is

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, John C., concur.