CAROLYN J. POOLE, Plaintiff-Employee v. TAMMY LYNN CENTER, Defendant-Employer, and AETNA LIFE & CASUALTY CO., Defendant-Carrier

No. COA01-1178

(Filed 6 August 2002)

**Workers' Compensation— occupational disease—hepatitis C virus**

The Industrial Commission did not err by rejecting plaintiff employee's claim for workers' compensation benefits under N.C.G.S. § 97-53(13) as a result of her contracting the hepatitis C virus allegedly by coming into contact with blood of patients during her employment with the Tammy Lynn Center, a facility serving persons with severe developmental disabilities and mental retardation, because: (1) although plaintiff had an increased risk of exposure by reason of the employment, there must be proof of causation between the increased risk of exposure and the contraction of the occupational disease; and (2) plaintiff has failed to prove by the greater weight of the evidence her exposure to the disease or the disease-causing agent while working for defendant employer, and exposure to blood standing alone is not sufficient evidence of exposure to the hepatitis C virus.

**POOLE v. TAMMY LYNN CTR.**

[151 N.C. App. 668 (2002)]

Appeal by plaintiff from opinion and award entered 1 March 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 May 2002.

*The Jernigan Law Firm, by N. Victor Farah and Gina E. Cammarano, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner, & Kincheloe, L.L.P., by Thomas M. Morrow, for defendant-appellees.*

MARTIN, Judge.

Plaintiff appeals from an opinion and award of the North Carolina Industrial Commission, rejecting her claim for workers' compensation benefits as a result of her contracting the hepatitis C virus. The evidence presented to the deputy commissioner and reviewed by the Full Commission tended to show that plaintiff was employed by Tammy Lynn Center ("Center" or "defendant-employer") from October 1989 until February 1995. The Center is a residential facility serving persons with severe and profound developmental disabilities and mental retardation. Plaintiff initially worked as an habilitation aide; as part of these duties, plaintiff assisted patients with "bathing, feeding, brushing teeth, shaving, clothes washing, and other activities related to personal hygiene." Plaintiff worked in this capacity for one year, when she was transferred to a classroom setting at the Center as a teacher's aide. Although she was not required to bathe or shave residents in her new job capacity, she was called upon to clean residents when they soiled themselves due to vomiting, menstruation, or bowel movements. She also fed them and assisted them with brushing their teeth.

In 1991, the Center implemented a plan to protect employees from exposure to blood, which included wearing protective gloves when undertaking a task which could expose residents or employees to blood and/or infection. Plaintiff followed this new procedure during part of her employment at the Center.

Plaintiff was diagnosed with the hepatitis C virus in 1994. Thereafter, plaintiff filed a claim for workers' compensation benefits, contending she contracted hepatitis C while employed at the Center. Plaintiff testified that she was exposed to the blood of residents while employed at the Center. She stated that she understood exposure to blood to be when "someone else's blood entered into a scratch or something or the other [sic] of my body, and it actually got in my body." Plaintiff identified the following residents as those to whose

blood she may have been exposed: Jeff B., Tim A., Terry R., Kristen C., Jimmy M., Deborah C., Lauren F., Tim C., Steven E., Lindsey W., Lisa W., Haley C., June N., Alicia D., Melissa E., and Eric P. Plaintiff testified that she recalled working with several other residents, but that she could not remember whether she could have been exposed to the blood of these individuals.

After plaintiff brought her claim for workers' compensation benefits, defendant-employer attempted to determine whether any resident of the Center carried the virus which could have infected plaintiff. Defendant-employer reviewed its Employee Accident/Incident Reports involving plaintiff, as well as the Client Accident/Incident Reports which directly or indirectly involved plaintiff. In addition, defendant-employer reviewed every incident report involving the residents to whose blood plaintiff claimed to have been exposed during her employment at the Center. Further, defendant-employer searched its personnel records and safety committee records. Jan Pope, director of nursing at the Tammy Lynn Center, testified that out of four incidents which plaintiff reported in written form during her employment at the Center, only one incident involved a patient biting plaintiff which could have exposed her to blood infected with the hepatitis C virus. This particular patient, Tim A., died in 1997, and an autopsy performed on him revealed no liver disease. Further, during his last hospitalization prior to his death, Tim A. tested negative for all strains of hepatitis. Plaintiff eventually identified fifteen residents to whose blood she may have been exposed while employed at the Center; thereafter, defendant-employer attempted to have the blood tested of each of these individuals. Consensual testing of ten of the individuals was completed; none were found to be positive for the hepatitis virus. Two patients refused to have the test taken because their parents believed the presence of the virus was not medically indicated; the parent of one patient refused because of the trauma of the blood draw; one patient died in 1993 and no autopsy had been performed, and one patient could not be located. Nevertheless, none of the medical records from these five patients who would not or could not be tested indicated the presence of the hepatitis C virus, and plaintiff provided no evidence at the hearing of any direct blood-to-blood contact with any of these five patients whose hepatitis C status was not known. Jan Pope testified that her staff found "nothing to indicate that anyone that had been there [a resident at the Center] ever had hepatitis C."

POOLE v. TAMMY LYNN CTR.

[151 N.C. App. 668 (2002)]

Plaintiff testified that she had never received a blood transfusion prior to 1994, never had a tattoo, never shared intravenous needles, never shared intra-nasal devices, and never engaged in sex with multiple sexual partners. Plaintiff had been married twice; although her current husband tested negative for hepatitis C, plaintiff did not know whether her first husband had been tested for the virus. Plaintiff's daughter also tested negative for hepatitis C.

The parties have stipulated that plaintiff has been totally disabled since she quit work on 23 February 1995 because of her hepatitis C infection. The Full Commission made the following findings of fact:

24. Of those residents with whose blood plaintiff most likely came into contact the majority were proven to not have hepatitis C. There is no evidence of record that plaintiff came into contact with blood infected with the hepatitis C virus while employed by defendant-employer. Further, there is no evidence of record that the hepatitis C virus was ever present in plaintiff's work environment while she was employed by defendant-employer.

. . .

26. The greater weight of the evidence shows only that plaintiff's employment exposed her to the blood of other persons and that this exposure to blood placed her at an increased risk of contracting hepatitis C as compared to persons not so employed.

27. There is insufficient evidence of record to prove that plaintiff was exposed to or contracted hepatitis C virus while employed by defendant.

Based on these findings, the Commission concluded that plaintiff was not entitled to compensation under G.S. § 97-53(13). Plaintiff's motion for reconsideration of the opinion and award was denied by the Industrial Commission. Plaintiff appeals.

_____

By two arguments in support of eight assignments of error, plaintiff contends on appeal that the Commission erred "in finding that plaintiff was not exposed to hepatitis C at work" and "in concluding that plaintiff's hepatitis C infection was not caused by her employment." We note at the outset that the Full Commission made no finding "that plaintiff was not exposed to hepatitis C at work"; rather, the Commission found that insufficient evidence was presented to prove that plaintiff was exposed to or contracted the hepatitis C virus while employed by defendant-employer.

POOLE v. TAMMY LYNN CTR.

[151 N.C. App. 668 (2002)]

When reviewing an opinion and award of the Industrial Commission, this Court is limited to a determination of "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings." *Barham v. Food World, Inc.*, 300 N.C. 329, 331, 266 S.E.2d 676, 678, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980) (citation omitted). Findings of fact of the Industrial Commission "are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary." *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965). "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999) (citation omitted). We review the Commission's conclusions of law, however, *de novo. Snead v. Carolina Pre-Cast Concrete, Inc.*, 129 N.C. App. 331, 499 S.E.2d 470, *cert. denied*, 348 N.C. 501, 510 S.E.2d 656 (1998).

Plaintiff has been diagnosed with hepatitis C, which is not one of the enumerated diseases listed in G.S. § 97-53. Accordingly, plaintiff must establish that her disease fits within G.S. § 97-53(13), which permits a party to receive benefits under the Act for

[a]ny disease, other than hearing loss covered in another subdivision of this section, which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment.

Plaintiff has the burden of proving that she suffers from an occupational disease which is compensable under G.S. § 97-53(13). *Norris v. Drexel Heritage Furnishings, Inc./Masco*, 139 N.C. App. 620, 534 S.E.2d 259 (2000), *cert. denied*, 353 N.C. 378, 547 S.E.2d 15 (2001). To establish a claim for compensation under G.S. § 97-53(13), the plaintiff must prove:

(1) the disease is characteristic of and peculiar to persons engaged in a particular trade or occupation in which the plaintiff is engaged; (2) "the disease is not an ordinary disease of life to which the public is equally exposed;" and (3) there is a causal connection between the disease and the plaintiff's employment.

**POOLE v. TAMMY LYNN CTR.**

[151 N.C. App. 668 (2002)]

*Pressley v. Southwestern Freight Lines*, 144 N.C. App. 342, 346, 551 S.E.2d 118, 120 (2001) (citing *Hansel v. Sherman Textiles*, 304 N.C. 44, 52, 283 S.E.2d 101, 106 (1981)). The degree of proof required of a plaintiff to establish a claim for benefits is the " 'greater weight' of the evidence or 'preponderance' of the evidence." *Phillips v. U.S. Air, Inc.*, 120 N.C. App. 538, 541, 463 S.E.2d 259, 261 (1995), *affirmed*, 343 N.C. 302, 469 S.E.2d 552 (1996) (citation omitted).

In the present case, the Commission found that the record evidence established that plaintiff's employment at the Center exposed her to an increased risk of contracting hepatitis C as compared to members of the public not so employed. However, the statute also requires proof of causation between the increased risk of exposure by reason of the employment and the contraction of the occupational disease. *See Booker v. Duke Medical Center*, 297 N.C. 458, 475, 256 S.E.2d 189, 200 (1979) ("The final requirement in establishing a compensable claim under subsection (13) is proof of causation.") In *Booker*, the North Carolina Supreme Court outlined three areas for consideration when utilizing circumstantial evidence to prove causation:

> (1) the extent of exposure to the disease or disease-causing agents during employment, (2) the extent of exposure outside employment, and (3) absence of the disease prior to the work-related exposure as shown by the employee's medical history.

*Id.* at 476, 256 S.E.2d at 200 (citations omitted). In *Booker*, the plaintiff's supervisor testified that the plaintiff had come in contact with blood samples containing the hepatitis virus "at least once a day" while employed as a lab technician at Duke Medical Center. *Id.* at 474, 256 S.E.2d at 199.

In the instant case, however, the Commission found plaintiff had failed to prove by the greater weight of the evidence her exposure to the disease or the disease-causing agent while working for defendant-employer. Plaintiff submitted one incident report during her employment at the Center which involved the potential exposure to a resident's blood. The resident, "Tim A.," died in 1997, and his autopsy revealed no liver disease; in fact, during Tim A.'s last hospitalization, he was tested for all the hepatitis strains and the results were negative. In spite of the absence of incident reports detailing plaintiff's possible exposure to other residents' blood, plaintiff was subsequently able to recall incidents with fifteen other residents to whose blood she was exposed, and who she contends may have infected her.

Defendant-employer tested ten of those fifteen residents; all ten tested negative for hepatitis. Plaintiff was unable to provide evidence of blood-to-blood contact with any of the five remaining residents who were not tested.

Nevertheless, plaintiff argues that the Industrial Commission failed to make the proper finding regarding plaintiff's increased exposure at work based upon the circumstantial evidence presented because the Commission was without this Court's reasoning in the recent case of *Pressley v. Southwestern Freight Lines*, 144 N.C. App. 342, 551 S.E.2d 118 (2001). In *Pressley*, the plaintiff claimed that he had contracted coccidioidomycosis due to exposure to the coccidioidomycosis fungus while on a trip to California in connection with his employment as a long-distance truck driver. The fungus is indigenous to the southwestern United States but is not present east of the Mississippi River. The Commission determined that plaintiff's employment placed him at an increased risk of contracting the disease as compared to the general public; and that plaintiff had satisfied his burden of proving that he had, in fact, contracted the disease due to such exposure. We affirmed, holding that the term "general public" pertained to the general public of North Carolina, so that plaintiff's employment requiring him to travel to the southwestern United States did place him at an increased risk of exposure as compared to the general public of North Carolina where the fungus is not present. We also held that evidence that plaintiff became symptomatic within two weeks of his trip supported the Commission's finding and conclusion that plaintiff had satisfied his burden of proving causation.

By contrast, plaintiff in the present case presented no evidence that she was exposed to the hepatitis C virus while employed at the Center; she relies on her alleged blood-to-blood exposure with residents at the Center as sufficient proof of causation. However, exposure to blood, standing alone, is not sufficient evidence of exposure to the hepatitis C virus; the holding in *Booker* requires proof of exposure "to the disease or disease-causing agents during employment." *Booker v. Duke Medical Center*, 297 N.C. at 476, 256 S.E.2d at 200. Uninfected blood cannot be characterized as a disease-causing agent. Rather, the disease-causing agent is the hepatitis C virus, which can be found in blood *infected with the virus*.

Plaintiff also argues the Full Commission failed to consider competent evidence of causation, specifically the deposition testimony of Dr. Robert S. Brown, M.D., a specialist in the area of liver disease,

who testified that, "[b]ased on the testimony that I reviewed and evidence that I reviewed and stipulations that I have been given, more likely than not she got it [the Hepatitis C virus] at the Tammy Lynn Center. No where else." Dr. Brown also stated that his conclusion was based in part on plaintiff's testimony regarding her alleged exposure to blood at the Center: "[I]t depends on your belief in her [plaintiff's] honesty." The Full Commission, however, specifically refused to accept as credible portions of plaintiff's testimony regarding her recollection of having open wounds on her body which came in contact with residents' blood. Moreover, as explained above, findings of fact are conclusive on appeal "when supported by competent evidence, even though there be evidence that would support findings to the contrary." *Jones v. Myrtle Desk Co.*, 264 N.C. at 402, 141 S.E.2d at 633.

On this record, taking the evidence in a light most favorable to plaintiff, and giving plaintiff the benefit of every reasonable inference to be drawn from the evidence, *Adams v. AVX Corp.*, *supra*, we cannot say the Full Commission erred in finding that plaintiff had not proved that she was exposed to or contracted hepatitis C by reason of her employment with defendant. The Commission's findings, in turn, support its conclusion that plaintiff's hepatitis C infection was not caused by her employment with defendant. Plaintiff's assignments of error to the contrary are overruled. The Commission's opinion and award are affirmed.

Affirmed.

Judges TIMMONS-GOODSON and THOMAS concur.