MARILYN LATTER, Employee, Plaintiff,
v.
LA PETITE ACADEMY, Employer, GALLAGHER-BASSETT SERVICES, INC., Third-Party Administrator, Defendants.
No. COA07-652
North Carolina Court of Appeals
Filed September 2, 2008
This case not for publication
Robert M. Talford for plaintiff-appellant.
McAngus, Goudelock & Courie, P.L.L.C., by Trula Mitchell and Laura L. Carter, for defendants-appellees.
GEER, Judge.
Plaintiff Marilyn Latter appeals from the North Carolina Industrial Commission's decision denying her claim. On appeal, plaintiff primarily argues that the Commission erred by not finding her disabled based on her testimony about her level of pain. The Commission is, however, the sole judge of the credibility of witnesses and the weight to be assigned to their testimony. We cannot revisit the Commission's decision to give greater weight to the medical evidence than to plaintiff's testimony. Consequently, based upon our standard of review, we affirm the Commission's decision.
"[W]hen reviewing Industrial Commission decisions, appellate courts must examine `whether any competent evidence supports the Commission's findings of fact and whether [those] findings . . . support the Commission's conclusions of law.'" McRae v. Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004) (quoting Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000)). "The Commission's findings of fact are conclusive on appeal when supported by such competent evidence, `even though there [is] evidence that would support findings to the contrary.'" Id. (quoting Jones v. Myrtle Desk Co., 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965)). In addition, findings of fact not assigned as error are binding on appeal. Johnson v. Herbie's Place, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, disc. review denied, 357 N.C. 460, 585 S.E.2d 760 (2003). The Commission's conclusions of law are reviewed de novo. McRae, 358 N.C. at 496, 597 S.E.2d at 701.
In this case, plaintiff assigned error to only two of the Commission's findings of fact: (1) that "[p]laintiff unjustifiably refused suitable employment offered by defendant-employer"; and (2) that "[p]laintiff has failed to present any credible evidence that she has experienced any period of disability due to the compensable specific traumatic incident." The Commission's remaining unchallenged findings establish the following facts. Plaintiff was approximately 48 years old when defendant employer La Petite Academy hired her in February 2003 as a teacher in one of its childcare facilities. Plaintiff had graduated from high school and completed some college-level course work. In July 2003, plaintiff was transferred to defendant employer's location near Charlotte to begin management training. As an Assistant Director, plaintiff's duties included greeting parents and children, collecting tuition payments, checking attendance, assisting in the kitchens, and relieving other teachers so that they could take breaks.
Defendant employer conducted a fire drill on 25 September 2003, during which plaintiff went into the infant room and assisted other teachers in removing the babies from the building. As plaintiff was helping roll a crib out of the building, she injured her back lifting the crib over the threshold of the door. Later that same day, plaintiff went to Randolph Urgent Care, and the examining doctor diagnosed her with a lumbosacral strain. Plaintiff was released to return to work with the restrictions of no lifting, pulling, bending, climbing stairs or ladders, kneeling, squatting, or stooping.
On 1 October 2003, Dr. Sonya Buchanan examined plaintiff, who was complaining of lower back and leg pain. Dr. Buchanan diagnosed her with a lumbar strain and radiculopathy, referred plaintiff to physical therapy, and released her to return to light duty work with no lifting over 10 pounds and no squatting or bending. The physical therapist noted that plaintiff's subjective evaluation of her pain was inconsistent with the objective findings regarding her reported injury. On 3 October 2003, plaintiff returned to Dr. Buchanan and reported that her symptoms had not improved. Plaintiff was given a prescription for pain medication and released to continue light duty work.
On 14 October 2003, defendant employer notified plaintiff that her doctor had released her to return to work and that defendant employer had work available within the doctor's restrictions. Plaintiff was advised of the physical requirements of the light duty work offered: reviewing training materials, computer training, answering phones, greeting parents, and relieving other teachers to take breaks. Plaintiff refused the employment, left the premises, and has not returned to work for defendant employer.
On 21 October 2003, plaintiff consulted with Dr. John Welshofer, who reviewed plaintiff's medical records and conducted his own testing. In his medical opinion, plaintiff's injury did not require surgery. Plaintiff obtained a second medical opinion from Dr. Hunter Dyer on 10 December 2003. Dr. Dyer also determined that plaintiff was not a surgical candidate, but treated her with epidural steroid injections.
On 23 December 2003, plaintiff filed a Form 18 alleging that she had sustained a specific traumatic incident on 25 September 2003. Although defendants accepted plaintiff's claim as a compensable injury by accident, defendants refused to pay plaintiff disability benefits, contending that she had refused suitable employment on 14 October 2003. On 30 January 2004, plaintiff saw Dr. Mark Hartman, complaining of back and leg pain. Dr. Hartman diagnosed plaintiff as having discogenic back pain, but concluded she was not a surgical candidate. Plaintiff returned to see Dr. Welshofer on 5 February 2004. The Commission found that plaintiff reported to Dr. Welshofer that she had undergone "the most amazing recovery" and was essentially free from back pain. Upon examination, plaintiff exhibited normal spinal flexibility, and tension signs were negative. Dr. Welshofer released her to return to work with the restrictions of no lifting, pulling, or carrying over 20 pounds, with occasional bending and position changes as necessary until 1 March 2004. Starting 1 March 2004, plaintiff was released to unrestricted duty. Dr. Welshofer also assigned a 0% permanent partial impairment rating to plaintiff's back.
At the hearing before the deputy commissioner, plaintiff testified that after she had been released to return to work with no restrictions, she had not requested any employment from defendant employer. On cross-examination, plaintiff was able to identify only two places where she had applied for employment during the 18 months since she had been released to return to work. She stated that potential employers were unwilling to hire her once she disclosed her back injury. She also was unable to think of any job she could perform despite having been released to return to work with no restrictions.
In an opinion and award entered 1 December 2005, the deputy commissioner denied plaintiff's claim. Plaintiff appealed to the Full Commission, and on 2 February 2007, the Commission entered an opinion and award affirming the deputy commissioner's decision with minor modifications. Based on its findings of fact, the Commission determined that plaintiff had sustained a specific traumatic incident arising out of and in the course of her employment with defendant employer, but had unjustifiably refused suitable employment offered by the defendant employer and had failed to satisfy her burden of proving that she was disabled as a result of the specific traumatic incident. The Commission, therefore, determined that plaintiff was not entitled to disability benefits and denied her claim. Plaintiff timely appealed to this Court.

Discussion
We first address plaintiff's contention that the Commission erroneously required her to prove her disability "by the greater weight of the evidence" standard of proof. Plaintiff asserts that under North Carolina case law, the proper standard of proof for establishing disability in workers' compensation cases is the "any competent evidence" standard.
Plaintiff bases her argument on language in Adams v. Kelly Springfield Tire Co., 123 N.C. App. 681, 683, 474 S.E.2d 793, 795 (1996) (emphasis added), which stated: "Applying the `greater weight standard' instead of the `any competent evidence standard' would not favor the worker and would be in discord with settled law regarding the proper standard of review." As the italicized language indicates, plaintiff's argument confuses the standard ofproof for establishing disability with the standard of review under which appellate courts review the Commission's findings of fact.
Adams specifically addressed this confusion:
[Appellants] have apparently confused the civil standard of proof, sometimes referred to as "by the greater weight of the evidence," with the standard applied to review of opinions arising from the Commission. The "any competent evidence standard" is a longstanding rule, which provides that findings of fact made by the Commission are conclusive on appeal if supported by any competent evidence.
Id. at 682, 474 S.E.2d at 794-95 (internal citation omitted). Thus, when the Commission stated that plaintiff was required to prove her disability by the greater weight of the evidence, it imposed the correct standard of proof. See Williams v. Law Cos. Group, Inc., ___ N.C. App. ___, ___, 654 S.E.2d 725, 727 (2008) ("Plaintiff bears the burden of proof by the greater weight of the evidence that she is disabled and the extent of her disability within the meaning of the Act.").
Plaintiff next challenges the Commission's finding that "[p]laintiff unjustifiably refused suitable employment offered by defendant-employer." N.C. Gen. Stat. § 97-32 (2007) provides: "If an injured employee refuses employment procured for him suitable to his capacity he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified." In her brief to this Court, plaintiff initially contends that four findings of fact forming the basis for the Commission's ultimate finding under N.C. Gen. Stat. § 97-32 are unsupported by competentevidence. Since, however, plaintiff did not assign error to those findings, they are binding on appeal. Johnson, 157 N.C. App. at 180, 579 S.E.2d at 118.
Plaintiff also argues that those findings of fact are insufficient to support the Commission's determination that she refused suitable work. "Our appellate decisions have defined `suitable' employment to be any job that a claimant `is capable of performing considering his age, education, physical limitations, vocational skills, and experience.'" Shah v. Howard Johnson, 140 N.C. App. 58, 68, 535 S.E.2d 577, 583 (2000) (quoting Burwell v. Winn-Dixie Raleigh, 114 N.C. App. 69, 73, 441 S.E.2d 145, 149 (1994)), disc. review denied, 353 N.C. 381, 547 S.E.2d 17 (2001).
In a finding of fact not assigned as error, the Commission set out the duties entailed in the work offered by defendant employer. Plaintiff has made no argument that those duties exceeded the physical limitations set by her doctors or that she was not capable of performing the specified duties considering her age, education, vocational skills, or experience. Instead, plaintiff asserts that the employment offered by defendant employer actually involved additional duties, not included in the Commission's findings, that exceeded her doctors' restrictions. Because, however, plaintiff failed to assign error to the Commission's finding of fact, that argument is not properly before us.
Finally, plaintiff also argues that the Commission failed to take into account her testimony regarding her leg and back pain when determining whether the offered work was suitable. Plaintiff acknowledges that the Commission found her testimony regarding her pain not credible, but points to evidence in the record that corroborates her complaints. Credibility determinations, such as those concerning plaintiff's pain, are solely the province of the Commission, and we cannot revisit the Commission's assessment of plaintiff's credibility on appeal. Russell v. Lowes Prod. Distrib., 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) ("In weighing the evidence, the Commission is the sole judge of the credibility of witnesses and the weight to be given their testimony, and may reject entirely the testimony of a witness if warranted by disbelief of the witness.").
In support of her position, plaintiff points to a pair of decisions by this Court in which the Court held that a plaintiff's own testimony regarding his or her pain was sufficient to support a finding of disability by the Commission: Weatherford v. Am. Nat'l Can Co., 168 N.C. App. 377, 381, 607 S.E.2d 348, 351 (2005), and Webb v. Power Circuit, Inc., 141 N.C. App. 507, 512-13, 540 S.E.2d 790, 793-94 (2000), cert. denied, 353 N.C. 398, 548 S.E.2d 159 (2001). In both Weatherford and Webb, however, the Commission had found in favor of the plaintiff, concluding that the testimony regarding pain was credible. See Weatherford, 168 N.C. App. at 383-84, 607 S.E.2d at 352-53 (affirming Commission's determination that the employee had proven disability, in part, through "'his own credible testimony regarding his pain, symptoms and abilities'"); Webb, 141 N.C. App. at 512-13, 540 S.E.2d at 794 (upholding Commission's decision where plaintiff's "testimony provides competent evidence to support the Commission's findings and conclusions that plaintiff met his initial burden of proving a work-related injury"). The standard of review dictates a contrary result in this case. We, therefore, hold that the Commission did not err in concluding that plaintiff refused suitable work without reasonable justification.
Plaintiff next challenges the Commission's finding that "[p]laintiff has failed to present any credible evidence that she has experienced any period of disability due to the compensable specific traumatic incident[,]" and its corresponding conclusion of law that "[a]s plaintiff has failed to prove disability, plaintiff is not entitled to disability benefits." Plaintiff argues that the finding of fact is not supported by competent evidence and that the conclusion of law, in turn, is not supported by the Commission's findings or the evidence in the record.
Under the Workers' Compensation Act, a plaintiff bears the burden of proving: "(1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury." Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). The plaintiff may meet his or her burden as to the first two elements through four methods of proof:
(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment[;] (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment[;] (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment[;] or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.
Russell, 108 N.C. App. at 765, 425 S.E.2d at 457 (internal citations omitted).
In this case, plaintiff does not make any specific argument as to how the evidence she presented satisfies any of the tests set out in Russell. Instead, plaintiff primarily focuses on her own testimony concerning her leg and back pain, claiming that the Commission's credibility determination "is not supported by competent evidence." In short, plaintiff asks this Court to review the record to determine whether the Commission's assessment of her credibility is correct. We are not free to do so.
In support of her contention, plaintiff cites to Alexander v. Wal-Mart Stores, Inc., 166 N.C. App. 563, 573, 603 S.E.2d 552, 558 (2004), rev'd per curiam, 359 N.C. 403, 610 S.E.2d 374 (2005), for the proposition that the evidence in the record must be viewed in the light most favorable to the plaintiff. The Supreme Court, however, in reversing this Court, adopted the dissent's reasoning that it is not proper for an appellate court to comb the record to find evidence supportive of an appellant's argument. Id. at 573-74, 603 S.E.2d at 558 (Hudson, J., dissenting). Contrary to plaintiff's contention, we must affirm the Commission's determination if, as here, it is supported by any competent evidence, despite the existence of evidence that would support a determination contrary to that of the Commission. Id.
With respect to the first method of proof in Russell, the record includes no medical evidence that plaintiff is incapable of any employment. All of the medical evidence, as set out in the Commission's findings of fact, indicates that plaintiff is capable of performing work with some restrictions. Indeed, ultimately, Dr. Welshofer, based on plaintiff's report of no pain and his own examination, released plaintiff as of 1 March 2004 to unrestricted duty with a 0% disability rating.
Plaintiff maintains that the medical experts were not qualified to express an opinion regarding whether a person is capable of returning to work and that the doctors' statements in this case regarding plaintiff's capabilities were speculative and refuted by "objective test results." Russell, however, specifically calls for the "the production of medical evidence that [the employee] is physically or mentally, as a consequence of the work related injury, incapable of work in any employment." 108 N.C. App. at 765, 425 S.E.2d at 457 (emphasis added). Since plaintiff has pointed to no "medical evidence" that, as a consequence of her work-related injury, she was physically or mentally incapable of work in any employment, she cannot rely upon the first method of proof set out in Russell. As for the three other methods of proving disability under Russell, plaintiff makes no specific argument on appeal. The Commission found, with respect to the second method, that plaintiff was capable of some work, but had not made reasonable efforts to obtain suitable employment. Plaintiff has not advanced any argument that this finding of fact was in error. Plaintiff also makes no argument regarding the futility prong, and Russell's fourth prong does not apply in this case. We, therefore, conclude that the Commission's determination that plaintiff failed to prove her disability is supported by the evidence in the record and the Commission's uncontested findings of fact.
In summary, the Commission did not err in concluding that plaintiff unjustifiably refused suitable work and that plaintiff failed to prove, pursuant to Russell, that she was disabled as a result of the compensable specific traumatic incident. Accordingly, we affirm the Commission's opinion and award denying plaintiff's claim for disability benefits.
Affirmed.
Judges McCULLOUGH and STEELMAN concur.
Report per Rule 30(e).